**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**C. J. PEARSON CO., Respondent.**

**No. 7421.**

United States Court of Appeals
First Circuit.

Dec. 22, 1969.

Warren M. Davison, Washington, D. C., with whom Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, and Marcel Mallet-Prevost, Asst. Gen. Counsel, were on brief, for petitioner.

Henry M. Swan, with whom Conrad M. Cutcliffe, Providence, R. I., was on brief, for respondent.

Before ALDRICH, Chief Judge, WOODBURY, Senior Judge,* and COFFIN, Circuit Judge.

PER CURIAM.

The narrow issue in this case is whether the Labor Board was warranted in interpreting a pre-election letter respondent employer circulated among its employees as an improper prediction of the effect of unionization, depriving the employees of a free choice. The Board found the letter an unfair labor practice, making it appropriate for the regional director to have set aside the subsequent election which the union lost. It now seeks the customary order.

We read the opinion in NLRB v. Gissel Packing Co., 1969, 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547, as indicating two ways in which an employer's predictions as to possible unhappy consequences of unionization might transgress. The prediction might indicate that unnecessary consequences would be deliberately inflicted by the employer, in other words, a threat of retaliation. Alternatively, consequences not within the control of the employer might be described as probable or likely, when in fact there was no objective evidence of any such likelihood. This would not be a retaliatory threat, but it would be an improper threat nonetheless. *See* 395 U.S. 575 at 618, 89 S.Ct. 1918.

* By designation.

The instant letter was phrased in the form of questions. It is true that a question may not be as strong as a positive statement. Nevertheless, the posing of a question indicates that there is some reason for asking it. The Board was warranted in finding that respondent's questions, as put, suggested unpleasant answers. Many were fair. However, we cannot say that the Board was unwarranted in finding that the suggested answers to three of these questions [1] fell within one or the other of the Court's interdictions.

The order will be enforced.

---

1. "Will you still be able to get advances on your pay?"

"Will you be able to take off for three months in the Summer and go to Portugal as many people have done in the past?"

"Will the company be able to sign papers for your friends and relatives to come over from Portugal?"